**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CLISTA L. PENNIE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CAROLYN W. COLVIN,[1]**<br>**Acting Commissioner of Social Security,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:12-cv-262-PMW**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is Clista L. Pennie's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claim Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

**BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. On March 27, 2008, Plaintiff applied for SSI, alleging disability beginning on July 1, 2000.[2] Plaintiff's application was denied initially and upon reconsideration.[3] On June 26, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on June 2, 2010.[5] On August 16, 2010, the ALJ issued a written decision denying Plaintiff's claim for SSI.[6] On January 12, 2012, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On March 19, 2012, Plaintiff filed her complaint in this case, which was assigned preliminarily to Magistrate Judge David Nuffer.[8] On March 26, 2012, the case was reassigned to Judge Nuffer, but this time after his appointment as a District Judge.[9] On May 22, 2012, Judge Nuffer referred the case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C.

---

[2] *See* docket no. 8, Administrative Record ("Tr. ____") 167-172.

[3] *See* Tr. 86, 89, 91-96.

[4] *See* Tr. 97-99.

[5] *See* Tr. 38-85.

[6] *See* Tr. 12-37.

[7] *See* Tr. 1-6.

[8] *See* docket no. 3.

[9] *See* docket no. 4.

§ 636(b)(1)(B).[10] The Commissioner filed her answer on answer on June 14, 2012,[11] and the court received the Administrative Record the same day.[12]

On July 26, 2012, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[13] Consequently, the case was reassigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[14]

Plaintiff filed her opening brief on October 1, 2012.[15] After receiving an extension of time,[16] the Commissioner filed her answer brief on December 3, 2012.[17] After also receiving an extension of time,[18] Plaintiff filed her reply brief on January 14, 2013.[19]

---

[10] *See* docket no. 6.

[11] *See* docket no. 7.

[12] *See* docket no. 8.

[13] *See* docket no. 12.

[14] *See id*.

[15] *See* docket no. 15.

[16] *See* docket nos. 16-17.

[17] *See* docket no. 18.

[18] *See* docket nos. 19-20.

[19] *See* docket no. 21.

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision

> maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id.* At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. § 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work,"

20 C.F.R. § 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is disabled and entitled to benefits.

**ANALYSIS**

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) at step two of the sequential evaluation process; (2) by concluding that Plaintiff's impairments did not meet or equal certain sections of Appendix 1 of the relevant regulations (individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P, Appendix 1; (3) in her assessment of certain medical opinions; (4) by failing to consider Plaintiff's failed work attempt in her assessment of Plaintiff's RFC; (5) by concluding that Plaintiff could perform light work; and (6) by concluding that Plaintiff retained the RFC to perform the job of floral designer. Based on those arguments, Plaintiff contends that (7) the court should reverse the ALJ's decision and award her disability benefits. The court will address those arguments in turn.

**I. Step Two**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process by failing to conclude that Plaintiff's hypertension, hypothyroidism, heart condition, and gastrointestinal condition were severe impairments. "[A]t step two, the ALJ must consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]." *Carpeneter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (quotations and citations omitted)

(second and third alterations in original). The Tenth Circuit has explained that any error committed in that consideration is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence." *Id*.

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease, migraine headaches, and mood disorder. Consequently, the ALJ concluded that Plaintiff could not be denied benefits at step two and proceeded to step three of the sequential evaluation process. Therefore, Plaintiff's argument with respect to the ALJ's step two analysis must fail.

**II. Listings**

Plaintiff argues that the ALJ erred by concluding that skin impairments did not meet or equal listing 1.04, which deals with disorders of the spine, or listing 12.04, which deals with affective disorders. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listings 1.04, 12.04. At step three, a claimant has the "burden to present evidence establishing [his] impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must establish that his impairment "meet[s] *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

In her argument with respect to both of the above-referenced listings, Plaintiff selectively points to some evidence concerning her alleged spinal and mental impairments. However, as argued by the Commissioner, she has not pointed to specific evidence establishing the required

criteria for either listing. Notably, Plaintiff fails to respond to that argument in her reply brief. For these reasons, the court concludes that the ALJ did not err by concluding that Plaintiff's impairments did not meet or equal listings 1.04 or 12.04.

**III. Medical Opinions**

Plaintiff argues that the ALJ erred in evaluating the opinions of two of Plaintiff's treating sources, Dr. Kirk Anderson and Dr. Jason Huddleston (collectively, "Treating Sources").

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927]. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the

> weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). And, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In this case, the ALJ relied upon proper factors to support his conclusion that the opinions of the Treating Sources were entitled to limited weight. First, the ALJ properly relied upon the fact that the opinions were inconsistent with other evidence in the record. *See* 20 C.F.R. § 416.927(c)(3)-(4). Second, the ALJ properly relied upon the short and sporadic nature of the treatment relationship. *See id.* § 416.927(c)(2). Finally, the ALJ properly noted that the opinions of the Treating Sources went to issues that are reserved to the Commissioner, including Plaintiff's RFC. *See id.* §§ 416.946, 416.927(d); Social Security Ruling ("SSR") 96-5; *see also Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged

with determining a claimant's RFC from the medical record."). For these reasons, the court concludes that the ALJ did not err in her evaluation of the opinions of the Treating Sources.

Plaintiff also argues that the ALJ erred in evaluating the opinions of Shauna Whatcott ("Ms. Whatcott"). Because Ms. Whatcott is a physician's assistant, she is considered an "other source." *See* SSR 06-03p. Pursuant to SSR 06-03p, the factors for evaluating the opinions of treating physicians apply with equal weight to the opinions "other sources." *See id.*; *see also* 20 C.F.R. § 416.927(c). However, not every factor will apply in every case in which there is opinion evidence form a treating source that is an "other source." *See* SSR 06-03p.

In evaluating Ms. Whatcott's opinions, the ALJ determined that they were entitled to little weight. In reaching that determination, the ALJ properly relied on the fact that Ms. Whatcott's statements were inconsistent with each other and with other evidence in the record. *See* 20 C.F.R. § 416.927(c)(3)-(4). That is a sufficient basis to support the ALJ's evaluation of those statements and, accordingly, the court concludes that the ALJ did not err in that evaluation.

The court makes a final observation concerning Plaintiff's arguments on this point. Those arguments appear to be primarily directed at rearguing the weight of the evidence. The court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham*, 509 F.3d at 1257

(providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

## IV. Failed Work Attempt

Plaintiff contends that the ALJ erred by failing to consider Plaintiff's failed work attempt in determining her RFC. Plaintiff has failed to persuade the court that the ALJ erred in that regard, even though the failed work attempt is not specifically referenced in the ALJ's decision. The ALJ specifically stated in her decision that she had considered the entire record. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) ("[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." (alteration in original) (quotations and citation omitted)). Furthermore, the ALJ's decision contains an extensive discussion of the evidence, confirming that she did consider the entire record. *See id.* In addition, the court notes that an ALJ is not required to discuss every piece of evidence in the record. *See, e.g.*, *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence."). Moreover, Plaintiff again appears to be undertaking the futile tactic of rearguing the weight of the evidence before the ALJ. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247. For these reasons, the court concludes that this argument is without merit.

## V. Light Work

Plaintiff's first argument on this point is that the ALJ erred by concluding that Plaintiff could perform light work. However, Plaintiff has failed to develop this argument in any

meaningful way. She indicates that the ALJ failed to include all of her impairments in the RFC assessment, but fails to identify any specific impairments that the ALJ allegedly omitted. Given the cursory and undeveloped nature of this argument, the court declines to consider it further. *See, e.g.*, *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("[Plaintiff] presents a number of subissues and arguments, many of them poorly developed. [The court] will consider and discuss only those of her contentions that have been adequately briefed for . . . review."); *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) ("The scope of . . . review . . . is limited to the issues the claimant . . . adequately presents on appeal[.]" (final alteration in original) (quotations and citation omitted)).

**VI. Floral Designer**

For several reasons, Plaintiff contends that the ALJ erred by determining that she retained the RFC to perform the job of floral designer. First, Plaintiff argues that the ALJ's determination is not supported by substantial evidence. Again, however, Plaintiff merely reargues the weight of the evidence before the ALJ, which is unavailing. *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

Second, Plaintiff asserts that the ALJ erred by failing to provide a function-by-function analysis to support her RFC determination. That argument fails. Specific, affirmative medical evidence as to each and every work-related task is not required for an ALJ to determine a claimant's RFC. *See, e.g.*, *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004); *Argyle v. Astrue*, No. 2:10-cv-947-DBP, 2012 U.S. Dist. LEXIS 138531, at *17 (D. Utah Sept. 25, 2012).

Finally, Plaintiff maintains that the ALJ erred by failing to account for her advanced age in the transferability of skills from her past relevant work. That argument is without merit. The vocational expert testified that there would be direct transferability of skills from Plaintiff's past relevant work, i.e., there would be very little vocational adjustment. Relying on that testimony, the ALJ accounted for Plaintiff's age and determined that Plaintiff's acquired skills from her past work would transfer directly to the job of floral designer.

For these reasons, the court concludes that Plaintiff's arguments on this point fail.

## VII. Award of Benefits

Based on the success of her other arguments, Plaintiff contends that the court should reverse the ALJ's decision and directly award her disability benefits. Because the court has concluded that all of those arguments fail, it logically follows that the court will not reverse the ALJ's decision and, consequently, will not award Plaintiff disability benefits.

## CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge